948 F.2d 1282
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard PEAMON, Plaintiff-Appellant,
v.
AAI CORPORATION, Defendant-Appellee.
 No. 91-1051.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 30, 1991.
Decided Nov. 25, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-89-1211-WN)
 Argued: Ross A. Albert, Wilmer, Cutler & Pickering, Washington, D.C., for appellant; George Edwin Golomb, Baltimore, Md., for appellee.
 On Brief: Kimberly N. Tarver, Wilmer, Cutler & Pickering, Washington, D.C., for appellant; S.J. Mecinski, Jr., AAI Corporation, Cockeysville, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, WILKINSON, Circuit Judge, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff in this case alleges that AAI Corporation's decision not to hire him was based on age and race discrimination. We affirm the district court's entry of summary judgment for AAI.
 
 I.
 
 2
 Plaintiff Richard Peamon, a 44-year old black man, applied for a job as a security guard with AAI in October 1987. In order to be eligible to receive the job, a prospective employee had to (1) have prior experience with security work in general; (2) possess the legal right to drive a motor vehicle in Maryland; (3) be eligible to receive a security clearance from the Department of Defense; (4) be available to work all three shifts; and (5) receive a satisfactory evaluation based upon a personal interview. After being interviewed for the position on December 8, 1987, Peamon was notified that he would not be offered a job in March 1988. AAI based its decision upon several factors including Peamon's unstable work history, his inadequate security background, and poor evaluations of him made by both AAI employees with whom he interviewed.
 
 
 3
 After obtaining a right to sue letter from the Equal Employment Opportunity Commission, Peamon filed this suit alleging race discrimination under Title VII, 42 U.S.C. §§ 2000e et seq., and age discrimination under 29 U.S.C. §§ 621 et seq. The district court granted summary judgment to AAI, and Peamon now appeals.
 
 II.
 
 4
 The district court based its decision on its conclusion that plaintiff had not made out a prima facie case of age or race discrimination because he failed to prove that he was qualified for the position sought. We need not reach the question of whether this basis for the ruling was correct because summary judgment was unquestionably justified on other grounds In race and age discrimination cases, plaintiff has the initial burden of proving a prima facie case, but once plaintiff satisfies this, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its action. If defendant meets that burden, plaintiff then has the burden of showing the proffered reason was pretextual. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir.1991).
 
 
 5
 Each of the reasons offered by AAI for its decision not to hire Peamon is legitimate and non-discriminatory. Our review of the record indicates that Peamon has failed to submit evidence which would create genuine issues of material fact on whether each of these reasons was pretextual. Entry of summary judgment for AAI, therefore, was justified as a matter of law.
 
 III.
 
 6
 For the foregoing reasons, the judgment of the district court is AFFIRMED.